**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-558 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:23-cr-01722-DHJ-2 |
| NOE DE JESUS ARCE-HERNANDEZ, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted January 8, 2026**
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and BRESS., Circuit Judges.

Noe De Jesus Arce-Hernandez (Arce-Hernandez) appeals the sentence imposed by the district court, following his guilty plea to one count of distribution of methamphetamine. Arce-Hernandez asserts his right to appeal despite the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

waiver in his plea agreement.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we dismiss the appeal.

Arce-Hernandez entered into a valid plea agreement in which he waived his right to appeal "any aspect of [his] sentence."  However, Arce-Hernandez contends that the district court vitiated this waiver when it stated during a change of plea hearing that Arce-Hernandez was waiving his right to appeal "so long as [his] sentence complie[d] with the written terms of [his] plea agreement and the Sentencing Guidelines."  *See United States v. Nishida*, 53 F.4th 1144, 1149 (9th Cir. 2022) (reviewing de novo "whether the district court has vitiated a valid appeal waiver") (citation omitted).

To vitiate an "otherwise valid appeal waiver," a court's oral pronouncements must be "unambiguous and without qualification."  *Id*. (reasoning that only "clear, unequivocal statements that contradict waiver, such as 'you have the right to appeal findings which I make today regarding sentencing,'" vitiate a waiver) (citation omitted).  The court's pronouncement to Arce-Hernandez was not sufficiently "clear [and] unequivocal" to vitiate Arce-Hernandez's waiver.  *Id.* (explaining that "equivocal statements that do not directly conflict with waiver, such as 'you may have a right to appeal the sentence,'" do not vitiate a waiver) (citation omitted).

**APPEAL DISMISSED.**